IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

QUINTON CARY,

    Petitioner,

v.                                              Civil Action No. 3:08cv499

COMMONWEALTH OF VIRGINIA,

    Respondent.

## MEMORANDUM OPINION

Petitioner Quinton Cary, a Virginia inmate proceeding *pro se*, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Cary challenges his convictions for murder, attempted murder, two counts of abduction, and two counts of use of a firearm. Respondent filed a Rule 5 Answer and Motion to Dismiss (Docket Nos. 5, 6), providing Cary with appropriate *Roseboro*[2] notice (Docket No. 8). Respondent contends that the statute of limitations bars Petitioner's claims. Cary responded to the motion (Docket No. 11) and filed a Motion for Summary Judgment (Docket No. 9). On April 30, 2009, the Court directed the parties to furnish additional briefing addressing Petitioner's equitable tolling argument. (Docket No. 18.) Respondent responded to the order. (Docket No. 19.) Petitioner did not file a response, and the matter is now ripe for adjudication. Jurisdiction is proper pursuant to 28 U.S.C. §§ 636(c) and 2254.

---

[1] 28 U.S.C. § 2254(a) states in relevant part:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

[2] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

## I. Procedural History

On November 27, 2001, a City of Richmond Circuit Court ("Circuit Court") judge found Cary guilty of murder, attempted murder, two counts of abduction, and two counts of use of a firearm in commission of abduction. On January 23, 2002, the Circuit Court sentenced Cary as a juvenile on the two abduction charges to the Department of Juvenile Justice until he reached age twenty-one. The Circuit Court sentenced Cary as an adult to a sentence of 56 years of incarceration on the remaining charges, to run consecutively to his juvenile sentence. Cary was seventeen years old at the time of his trial and at sentencing. On June 13, 2005, several days after Cary turned twenty-one, the Circuit Court modified Cary's sentence on the murder charge to suspend ten years of the original forty-year sentence.

Cary pursued a direct appeal of his convictions, arguing that the trial court erred in not suppressing his confession on the basis that he did not knowingly and intelligently waive his privilege against self-incrimination because no parent or interested adult was present at the interrogation. On May 6, 2003, a three-judge panel of the Court of Appeals of Virginia affirmed Cary's convictions in a published decision. *Cary v. Commonwealth*, 579 S.E.2d 691 (Va. Ct. App. 2003). The Court of Appeals held that the trial court, which had admitted into evidence and reviewed a videotape of the entire interrogation in question, did not err in finding a valid *Miranda*[3] waiver.

On August 12, 2003, the Supreme Court of Virginia refused Cary's appeal of the decision of the Court of Appeals because the petition for appeal did not contain assignments of error. Cary filed a petition for a writ of habeas corpus in the Circuit Court on August 9, 2004,

---

[3] *Miranda v. Arizona*, 384 U.S. 436 (1966).

advancing two arguments: first, that the police and trial judge violated his right to remain silent under the Fifth Amendment;[4] and, second, that his appellate counsel was ineffective for not including assignments of error with the petition to the Supreme Court of Virginia. The Circuit Court granted Cary relief on the second argument, directing the Commonwealth to apply to the Supreme Court of Virginia for leave to file a belated petition for appeal from the decision of the Court of Appeals. However, the Circuit Court found that Cary's first argument was barred by the rule in *Slayton v. Parrigan*, 205 S.E.2d 680 (Va. 1974) (holding that a petitioner lacks standing in a habeas corpus proceeding to attack a conviction based on an argument he or she did not present as a defense at the underlying trial or on appeal).

Petitioner continued the direct appeal process. The Court of Appeals denied his appeal on the merits, and the Supreme Court of Virginia refused Cary's petition for appeal from that decision on April 13, 2005. On March 23, 2006, Cary filed a second petition for a writ of habeas corpus in the Circuit Court raising four claims, which the Circuit Court summarized verbatim:

    a.    The trial court erred in denying the petitioner's motion to suppress his incriminating statements in violation of the Fifth Amendment, Fourteenth Amendment, and *Miranda*.

    b.    The trial court erred in admitting non-testifying co-defendant's confession into evidence.

    c.    Petitioner was denied the effective assistance of counsel when counsel failed to cross examine co-defendants via subpoena.

    d.    Petitioner was denied the effective assistance of counsel when counsel failed to raise obvious and significant issues.

---

[4] "No person shall . . . be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V.

*Cary v. Robinson*, Law No. ML8701 (Va. Cir. Ct. Aug. 9, 2006) (Resp't Mot. Dismiss Ex. 10), at 3. The Circuit Court dismissed the petition on August 9, 2006. It held that the rule in *Slayton v. Parrigan* barred claims (a) and (b). The Circuit Court dismissed claims (c) and (d) as an abuse of the writ pursuant to Va. Code § 8.01-654(B)(2),[5] as construed in *Dorsey v. Angelone*, 544 S.E.2d 350 (Va. 2001), because these claims alleged facts "plainly available to the petitioner at the time he filed his first habeas corpus petition." *Id.*

Although Cary attempted to appeal this decision, he failed to file the notice of appeal, as required by Supreme Court of Virginia Rule 5:9(a).[6] The Supreme Court of Virginia dismissed the appeal on that basis on February 28, 2007. (Resp't Mot. Dismiss Ex. 11.)

On April 23, 2008, Cary filed the instant federal habeas corpus petition in the United States District Court for the Western District of Virginia.[7] The Western District transferred the case to the Eastern District on August 6, 2008. In the Petition, Cary raises the following ineffective assistance of counsel claims:

---

[5] "Such petition [for a writ of habeas corpus] shall contain all allegations the facts of which are known to petitioner at the time of filing. . . . No writ shall be granted on the basis of any allegation the facts of which petitioner had knowledge at the time of filing any previous petition." Va. Code § 8.01-654(B)(2).

[6] "No appeal shall be allowed unless, within 30 days after the entry of final judgment or other appealable order or decree . . . appellant files with the clerk of the trial court a notice of appeal. . . ." Va. Sup. Ct. R. 5:9(a).

[7] The Court considers a prisoner's habeas corpus petition filed on the date he delivers his petition to prison authorities for mailing to the court. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). Because Cary did not include a date on his petition indicating when he executed it nor when he delivered it to prison authorities, the Court considers the date the Western District clerk stamped it "received" as the filing date for purposes of the statute of limitations analysis. Even presuming that Cary delivered his petition to prison authorities three weeks or a month prior to the date the Clerk of Court received it, the Court would still find the Petition untimely. *See Allen v. Johnson*, 602 F. Supp. 2d 724, 726 n.2 (E.D. Va. 2009).

4

Claim One: Petitioner was denied the effective assistance of counsel when counsel failed to raise the obvious and significant issue of parental notification pursuant to Va. Code § 16.1-247.[8]

Claim Two: Petitioner was denied the effective assistance of counsel when counsel failed to raise the obvious and significant issue that Petitioner's Fifth Amendment right to remain silent had been violated because no interested adult was present during his interrogation.

(Pet'r Mem. Supp. Pet. 1.) (Docket No. 1, Ex. 1.)

## II. Analysis

### A. Time Bar

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Section 101 of the AEDPA amended 28 U.S.C. § 2244 to require a one-year period of limitation for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[8] Although both Petitioner and Respondent refer to Va. Code § 16.2-247, no such code section exists, and the record reflects that the correct code section is Va. Code § 16.1-247. (Docket No. 7, Ex. 3 (Cary's petition for direct appeal).) *See also Cary v. Commonwealth*, 579 S.E.2d 691, 695 (Va. Ct. App. 2003).

5

>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Cary's conviction became final on July 12, 2005.[9] *See Jimenez v. Quarterman*, 129 S. Ct. 681, 686-87 (2009) (holding that a state court's grant of a belated direct appeal resets the date on which a conviction becomes "final" under § 2244(d)(1)(A)). Cary had one year from that date, or until July 12, 2006, to file a federal habeas petition, not counting any time tolled while a properly filed state habeas petition stood pending. When Cary filed his second state habeas petition on March 23, 2006, 254 days of the one-year statutory period had elapsed. The statutory period tolled while his state habeas petition was pending, until the Circuit Court dismissed it on August 9, 2006.[10]

---

[9] Generally, "the one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired." *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002). The Supreme Court of Virginia refused Cary's direct appeal on April 13, 2005. He then had ninety days to file a petition for a writ of certiorari to the Supreme Court of the United States, which he did not do. *See* Sup. Ct. R. 13(1); *see also Harris v. Hutchinson*, 209 F.3d 325, 328 n.1 (4th Cir. 2000).

[10] Cary's second state habeas petition was no longer "properly filed" for § 2244(d) purposes after the Circuit Court dismissed it on August 9, 2006, because he failed to file a notice of appeal to the Supreme Court of Virginia. *See Rodgers v. Angelone*, 113 F. Supp. 2d 922, 929-30 (E.D. Va. 2000). Therefore, he is not entitled to statutory tolling for the period between the Circuit Court's dismissal and the Supreme Court of Virginia's dismissal on February 28, 2007. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding a state habeas petition "properly filed" under § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable law and rules governing filings"); *see also Hines v. Johnson*, No. 2:08cv102, 2009 WL 210716, at *2 (E.D. Va. Jan. 28, 2009). Rule 5:9 of the Supreme Court of Virginia governs filings. *See Rodgers*, 113 F. Supp. 2d at 929-30 ("Virginia's rules make clear that no proper application for appeal exists until the 'petition for appeal' is timely filed."); *cf. Harris v. Director, Va. Dep't of Corr.*, 282 F. App'x 239, 241-42 (4th Cir. 2008) (No. 06-6719), *available at* 2008 WL 2567576, at *2 (holding that petition for a writ of mandamus tolled the AEDPA limitations period, because it was "properly filed" in that it "complied with the applicable laws and rules governing filing," even though Virginia law rendered mandamus relief unavailable) (internal quotations omitted).

By following the applicable AEDPA one-year limitation period, Cary had an additional 111 days after the Circuit Court dismissed his second state habeas petition, or until November 28, 2006, to file a federal petition for a writ of habeas corpus. Cary filed his federal habeas petition on April 23, 2008. Therefore, Cary's petition is time barred unless he demonstrates that he is entitled to tolling of the limitation period. 28 U.S.C. § 2244(d)(1).

B. **Equitable Tolling**

Equitable tolling of the AEDPA's statute of limitations is "reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). "[T]o be entitled to equitable tolling, an otherwise time-barred petitioner must present '(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.'" *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (*quoting Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc)). "Principles of equitable tolling do not extend to garden variety claims of excusable neglect." *Rouse*, 339 F.3d at 246 (*citing Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)). Cary makes no valid argument as to why the court should equitably toll the statute of limitations on his federal petition.

Cary argues that he is entitled to equitable tolling of the statute of limitations deadline because he "was in juvenile custody . . . when direct appeal ended," and no law library was

---

However, even if the statutory period tolled through February 28, 2007, the date on which the Supreme Court of Virginia dismissed Cary's second state habeas petition, the federal petition would still be time barred because 420 days elapsed between that date and Cary's filing his federal petition. Thus, even excluding the time in which Cary's second state habeas petition remained pending on an unperfected appeal, Cary filed his federal habeas petition 674 days after his conviction became final.

available to him at the juvenile facility. (Pet. 14.) He states that although he was subsequently transferred to the custody of the Virginia Department of Corrections ("VDOC"), he also had "inadequate access to prison library because of high security level [and] controlled movement" at the adult facility. (Pet. 14.)

### 1. Allegation of Restricted Access at VDOC Facilities

It is well-settled that "delays due to seeking legal advice, and related allegations of inadequate prison law libraries have consistently been held not to constitute the 'extraordinary circumstances' to warrant the application of equitable tolling." *Austin v. Johnson*, No. 2:08cv135, 2009 WL 260482, at *2 (E.D. Va. Feb. 2, 2009) (*citing Bilodeau v. Angelone*, 39 F. Supp. 2d 652, 659 (E.D. Va. 1999)).

Cary's argument that he is entitled to equitable tolling because he lacked access to a prison law library while in VDOC custody due to "high security level" fails. "'Transfers between prison facilities, solitary confinement, lockdowns, restricted access to the law library and an inability to secure court documents do not qualify as extraordinary circumstances.'" *Allen*, 602 F. Supp. 2d at 727-28 (*quoting Warren v. Kelly*, 207 F. Supp. 2d 6, 10 (E.D.N.Y. 2002)). Rather, such events constitute the "routine restrictions of prison life." *Id.* (citation omitted). The Court will not afford Cary the benefit of equitable tolling on this account.

### 2. Lack of a Law Library at Juvenile Facilities

Respondent concedes that "no law library or repository of legal materials existed at any Department of Juvenile Justice residential facility at the time of the petitioner's placement." (Resp't Response ¶ 5.) (Docket No. 19.) However, Cary cannot demonstrate that the unavailability of legal materials at Cary's juvenile facilities had any bearing on his ability to

8

comply with the AEDPA's statute of limitations, because his transfer to VDOC to serve his adult sentence occurred prior to the commencement of the statutory limitations period. (Resp't Response ¶ 4 & Ex. 1 (Abed Aff.) ¶ 6) (stating that Cary was received into VDOC custody to begin serving his adult sentence on June 9, 2005).) The Circuit Court's Sentencing Order committed Cary to the Department of Juvenile Justice until he reached age 21. (Resp't Br. Supp. Mot. Dismiss Ex. 1.) Cary turned 21 on June 10, 2005 (Resp't Br. Supp. Mot. Dismiss Ex. 2), and his conviction became final for AEDPA purposes on July 12, 2005. Cary's criticism of access to law library materials at his juvenile facility and subsequent VDOC facilities fails to justify an extraordinary circumstance that tolls the required statute of limitations.[11]

To the extent Cary suggests that his lack of legal knowledge should excuse his failure to timely file his federal habeas petition, "even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling." *Sosa*, 364 F.3d at 512. His delay in filing his federal petition, 512 days after the statute of limitations expired, suggests a lack of diligence on his part. "Equitable tolling should only be applied if the applicant diligently pursues § 2254 relief." *Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001) (denying equitable tolling where petitioner waited more than four months to file his federal habeas petition after the state court

---

[11] The Respondent offered the following summary of Cary's access to legal resources during the statutory period:

> Since Cary's incarceration at the Virginia Department of Corrections on June 9, 2005, Cary has been housed at the Powhatan Receiving Unit, Wallens Ridge State Prison, and, currently, Sussex II State Prison. . . . Each facility has one or more court-appointed attorneys to assist inmates in matters concerning their convictions, sentences, and appeals. Inmates may also request legal counseling by an institution's court-appointed attorney under Virginia Code § 53.1-40.

Resp't Response ¶ 10.

denied his application for a writ). Therefore, Cary is not entitled to equitable tolling of the statute of limitations.

### III. Cary's Motion for Summary Judgment

Cary filed a Motion for Summary Judgment (Docket No. 9) in which he contends that, as of June 3, 2008, Respondent had not filed an answer to the Petition. However, Respondent filed its Rule 5 Answer on June 2, 2008. (Docket No. 6.) In an April 29, 2008 Service Order, the Honorable Michael F. Urbanski of the United States District Court for the Western District of Virginia ordered Respondent to file responsive pleadings within 30 days of receiving service of the Petition and Service Order. (Docket No. 2.) The Clerk of Court served Respondent by mail on April 30, 2008. (Docket No. 4.) Because service was effected by mail, Respondent had an additional three days to serve responsive pleadings. Fed. R. Civ. P. 6(d). The 33-day period commencing on April 30, 2008, expired on June 2, 2008. Respondent therefore timely filed responsive pleadings. Cary's motion for summary judgment will be DENIED.

### IV. Conclusion

Based on the foregoing reasons, Respondent's Motion to Dismiss (Docket No. 5) will be GRANTED. Cary's Motion for Summary Judgment (Docket No. 9) will be DENIED. Accordingly, the Petition will be DISMISSED.

An appropriate Order shall issue.

/s/ 
M. Hannah Lauck
United States Magistrate Judge

Richmond, Virginia
Date: 6-23-09